UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DIONTAE UTEESE BRASSELL,<br><br>               Petitioner,<br>    v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>               Respondent. | Case No. 3:23-cv-06153-KKE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>July 30, 2024</u> |

The District Court has referred this action to United States Magistrate Judge Theresa L. Fricke. Petitioner Diontae Uteese Brassell initiated this federal habeas action under 28 U.C.S §2254 on December 15, 2023. Dkt. 1. The Court concludes Petitioner failed to properly exhaust his state court remedies as to the two grounds raised in the Petition. Therefore, the Court recommends the Petition be dismissed without prejudice and a certificate of appealability not be issued.

**I.    Background**

    A. <u>Procedural Background</u>

On February 1, 2018, the Pierce County Superior Court sentenced Petitioner under the Drug Offender Sentencing Alternative (DOSA) for Unlawful Possession of Firearm Second Degree and Unlawful Possession of a Controlled Substance. Dkt. 10 (State Court Record) at 2-17, Exhibit 1 (Judgment and Sentence, Pierce County No. 17-1-04218-0).

On October 20, 2023, the DOC served Petitoner, who was back in custody, with a Notice of Allegations, Hearing, Rights and Waiver form which listed multiple alleged violations of his DOSA sentence. Dkt. 10 at 43-54, Exhibit 3 (Drug Offender Sentencing Alternative Violation Hearing Packet for Petitioner).

On October 25, 2023, the DOC held a hearing on Petitioner's alleged violations of the DOSA sentence, finding him guilty of all violations except violation #6 relating to consuming alcohol. *Id.* at 43. The DOC revoked the DOSA sentence. *Id*. at 46. Petitioner appealed the decision to the DOC's agency appeals panel which affirmed the decision. Dkt. 1 at 9-10. Petitioner is currently serving this revoked DOSA sentence with a release date of April 9, 2025. Dkt. 10 at 56, Exhibit 4 (Department of Corrections' Sentence Information Screen for Petitioner).

On March 4, 2024, while Petitioner served the revoked DOSA sentence, the Pierce County Superior Court also sentenced him to 43 months prison for Possession of a Stolen Vehicle. Dkt. 10 at 19-41, Exhibit 2 (Judgment and Sentence, Pierce County No. 23-1-02639-1). This newer sentence runs consecutive to the revoked DOSA sentence and has an earned release date of June 8, 2027. Dkt. 10 at 56, Exhibit 4.

B. Federal Petition

On December 15, 2023, Petitioner filed this federal habeas Petition alleging the following: (1) DOC improperly used a judgement and sentence from a closed case to revoke his DOSA and (2) DOC did not timely hold the DOSA violation hearing. Dkt. 1.

Respondent filed an Answer and Memorandum of Authorities on May 9, 2024. Dkt. 9. In the Answer, Respondent asserts Petitioner failed to exhaust the grounds

REPORT AND RECOMMENDATION - 2

raised in the Petition and requests the Petition be dismissed without prejudice. *Id*. Petitioner did not respond to the Answer.

## II. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; see *Cullen*, 131 S.Ct. 1388.

The Court finds it is not necessary to hold an evidentiary hearing in this case because Petitioner's claim may be resolved on the existing record.

## III. Discussion

Respondent asserts Petitioner failed to exhaust his state remedies and thus his Petition should be dismissed. Dkt. 9.

A. <u>Legal Standard</u>

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error

without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). It is not enough if all the facts necessary to support the federal claim were before the state courts or if a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (citing *Picard*, 404 U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts entitling Petitioner to relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Insyxiengmay*, 403 F.3d at 668. Petitioner bears the burden of proving he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

B. <u>Analysis</u>

In the Petition, Petitioner asserts DOC illegally used a judgment and sentence from one of his closed cases in the DOSA violation hearing and the DOC did not timely

REPORT AND RECOMMENDATION - 4

hold the DOSA violation hearing. While Petitioner appealed the DOSA hearing decision to the DOC's agency's appeal panel, he did not file an appeal with the Washington Court of Appeals or the Washington Supreme Court. See Dkt. 1 at 2-3.

As Petitioner did not raise these two grounds alleged in the Petition to the state courts, he did not give the state court a full and fair opportunity to determine if a federal constitutional violation occurred. Accordingly, the Petition is unexhausted.

Respondent does not seek dismissal with prejudice and does not assert Petitioner's claims are procedurally defaulted. Respondent indicates that the hearing at issue occurred in October 2023; Petitioner's claims are not yet time-barred in state court. Therefore, the Court recommends this case be dismissed without prejudice. *See Wise v. Morgan*, 268 F. App'x. 668 (9th Cir. 2008).

## IV.     Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claim or would conclude the issues presented in the Petition should proceed further. Therefore,

REPORT AND RECOMMENDATION - 5

the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

V.      Conclusion

For the above stated reasons, the Court finds the Petition is unexhausted and should be dismissed without prejudice. Further, no evidentiary hearing is necessary and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 30, 2024, as noted in the caption.

Dated this 15th day of July, 2024.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6